IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L. DUNSON,

    Plaintiff,

vs.                                          CASE NO. 5:08CV291-SPM/AK

SARGENT MCKINNEY, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the Defendants have denied him access to the courts by refusing to give him his legal papers. (Doc. 26). After four attempts to state a claim for relief, it is the opinion of the undersigned that this cause should be dismissed.

Plaintiff complains that several of the defendants (Captain McKinney, Sergeant McKinney, Officers Poole and Olds) took his legal papers in December 2005 and refused to return them prejudicing him from filing state court post-conviction motions. The legal materials he claims were taken were the state court transcript and other papers which concerned evidence and facts related to the date of his arrest. The other defendants (Daffin, Conrad, and Kent) all denied him administrative relief during the grievance process he began after the other defendants allegedly refused to return his legal files. The complaint in this cause was filed on September 15, 2008. The

grievances attached to the original complaint show that efforts were made to locate his legal material, which was allegedly left with another inmate in contravention of prison regulations, to no avail.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**No. 5:08cv291-spm/ak**

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Based on the facts raised in Plaintiff's third amended complaint, the Court is of the opinion that it should be dismissed as frivolous and for failure to state a claim.

In order to state a claim for relief, a prisoner must show actual injury resulting from the denial of access. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Plaintiff waited nearly three years to file this lawsuit, long after the time for filing a post-conviction motion had expired. He claims he needs the material to show the facts that happened to him on the date he was arrested or concern evidence he claims should have been presented at trial. He has not explained how the state court transcripts would provide this information to him or why he could not obtain the state court transcripts from his previous attorney or by some other means. It appears from the grievances he filed with the original complaint that the papers were missing,

**No. 5:08cv291-spm/ak**

despite diligent efforts by the Defendants to locate them.  Regardless, Plaintiff must show an injury resulting from Defendants' actions in hindering his access to the courts and he has failed to make this showing.

Further, his claims against the remaining defendants for their involvement in responding to his grievances do not state claims for relief.  Merely signing a grievance does not create liability where the signer had no personal involvement in the alleged violations.  Manney v. Moore, 151 F.Supp. 2d 976 (N.D. Ill. 2001).  He does not allege that Daffin, Conrad and Kent took his materials.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 26, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this __30th__ day of November, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:08cv291-spm/ak**